**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LAGUNA DAIRY, et al., <br><br> Defendants. | C.A. No. 1:22-cv-01135-TMH |

## <u>MEMORANDUM OPINION</u>

William D. Sullivan, SULLIVAN HAZELTINE ALLINSON LLC, Wilmington, Delaware; Andrew J. Herink, CENTRAL STATES LAW DEPARTMENT, Chicago, Illinois — Attorneys for Plaintiffs.


Rudolf Koch, Jason J. Rawnsley, RICHARDS, LAYTON & FINGER, P.A., Wilmington, Delaware; James L. Bromley, Andrew J. Finn, SULLIVAN & CROMWELL LLP, New York, New York. – Attorneys for Defendants.


March 30, 2026
Wilmington, DE

**HUGHES, UNITED STATES CIRCUIT JUDGE, SITTING BY DESIGNATION:**

Pending before the court is Plaintiffs' motion for leave to effectuate service by alternative means (D.I. 45). For the reasons stated below, the motion is **GRANTED.**

## I.     BACKGROUND

The facts underlying this litigation are discussed and set forth in the court's prior opinion ruling on the motion to dismiss. (*See* D.I. 34). Accordingly, only the facts necessary to the resolution of this motion are set out here.

On August 30, 2022, Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund, and its present trustee, Charles A. Whobrey (collectively, the Fund), filed a complaint against Defendant Laguna Dairy, S. de R.L. de C.V. f/k/a Laguna Dairy, S.A. de C.V. (Laguna) under the Employee Retirement Income Security Act of 1974 (ERISA) for collection of withdrawal liability, interest, and penalties as a result of a withdrawal from a multiemployer pension plan. (D.I. 1). According to the complaint, Laguna is a Mexican corporation with a principal place of business in Mexico. (*See* D.I. 1 ¶ 23; *see also* D.I. 1 ¶ 103). In 2020, the Fund first attempted to deliver a past due notice relating to the withdrawal liability to Laguna at the following address:

> c/o Laguna Dairy S. de R.L. de C.V. f/k/a Laguna Dairy, S.A. de C.V., Calzada Carlos Herrera Araluce 185, Parque Industrial Carlos A Herrera Araluce, Gomez Palacio, Durango 35079, United Mexican States (the Durango Address).

(D.I. 46 at 7; D.I. 46-2 ¶ 3; D.I. 46-1 at 4).[1] But the delivery service, UPS, was unable to deliver the notice, stating that the "company or receiver name is incorrect." (D.I. 46-2 ¶ 3). The Fund then attempted service to Laguna CEO Eduardo Tricio Haro at the following address, where the Fund believed he worked:

Park Plaza 3 Building Zedec, Avenida Javier Barros Sierra #4, 01219

Santa Fe Mexico City, DF MEXICO (the Mexico City Address)

(D.I 46-2 ¶ 4). UPS successfully delivered the past due notice to the Mexico City Address. (D.I. 46-2 ¶ 5). After the instant case commenced, the Fund attempted to effectuate service through the Hague Convention. (*See* D.I. 46-2 ¶¶ 6–8). On December 7, 2022, the Fund sent the requisite Form USM-94 and the summons and complaint via UPS to the address designated by Mexico in accordance with the Convention, located in Mexico City, Mexico. (D.I 46-2 ¶ 7). But UPS, for unknown reasons, erroneously delivered the documents to a warehouse in Toluca, Mexico. (D.I. 46-2 ¶ 7; D.I. 46-2 at 22). The Fund attempted service again on January 24, 2023, and asked the Mexican government to serve Laguna through Mr. Haro at the Mexico City Address. (D.I. 46-2 ¶ 8). The Mexican government received the package on February 8, 2023, but did not attempt service until November 15, 2023. (D.I. 46-2 ¶¶ 9–10). Nearly a year later, the Fund received notice from the Mexican government

---

[1] The 2017 Reorganization and Subscription Agreement, signed between Laguna and the Delaware company Acon Investments, LLC to convey ownership interests in Borden Dairy Company (D.I. 1 ¶ 79–103) stated that Laguna and other defendants could be contacted at the Durango Address. *See* (D.I 46-1 at 4).

that service was unsuccessful because the unit identified in the Mexico City Address–

Unit 4–could not be found. (D.I. 46-2 ¶ 10).

All Defendants—including Laguna—were initially represented by the same

counsel, Dechert LLP, in this case. (D.I. 46-2 ¶ 6). But on December 8, 2022, Sullivan

& Cromwell emailed the Fund's counsel stating that "Sullivan & Cromwell will be

representing the defendants in this action going forward." (D.I 46-2 at 17 (Ex. 3)). On

January 9, 2025, the Fund's counsel asked Sullivan & Cromwell whether Laguna

would agree to waive service of the summons and complaint. (D.I. 46-2 ¶ 12). Sullivan

& Cromwell responded on January 10, 2025, stating "We are not authorized to accept

or waive service for [Laguna] at this time." (D.I. 46-2 ¶ 13). The Fund now moves for

leave to effectuate service by alternative means and asks to serve the summons and

complaint on Laguna's U.S.-based counsel Sullivan & Cromwell. (D.I. 45). And

Sullivan & Cromwell now appears on behalf of Laguna in a limited capacity to contest

the instant motion. (D.I. 48 at 7).

## II.      DISCUSSION

Federal Rule of Civil Procedure 4 sets forth the requirements for service of

process. Rule 4(h)(2) authorizes extraterritorial service on a foreign corporation "in

any manner prescribed by Rule 4(f) for serving an individual, except personal delivery

under (f)(2)(C)(i)." Rule 4(f) states:

> **(f) Serving an Individual in a Foreign Country.** Unless federal law
> provides otherwise, an individual . . . may be served at a place not
> within any judicial district of the United States:
>
>> (1) by any internationally agreed means of service that is
>> reasonably calculated to give notice, such as those authorized by

> the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
> > . . . ; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). Thus, "pursuant to (f)(3), the Court may order that service be made by any means not prohibited by an international agreement, as long as the chosen means satisfies the due process requirement of being 'reasonably calculated' to apprise the parties of interest of the action." *Divx, LLC v. LG Elecs. Inc.*, No. 20-cv-01202, 2021 WL 411708, at \*2 (D. Del. Feb. 5, 2021) (citing *In re Heckmann Corp. Sec. Litig.*, No. 10-cv-00378, 2011 WL 5855333, at \*3 (D. Del. Nov. 22, 2011)).

Though Mexico expressly prohibits all alternative methods of service, including by email, the court is unaware of any international agreement that prohibits service of process on a Mexican corporation via email to its U.S. Counsel. *See* Hague Conference on Private International Law ("HCCH"), *Table Reflecting Applicability of Articles 8(2), 10(a)(b) and (c), 15(2) and 16(3) of the HCCH 1965 Service Convention*, https://assets.hcch.net/docs/845a6226-b21f-4b01-ac56-8cb28bf8ce46.pdf (last visited Mar. 30, 2026). Though Sullivan & Cromwell has not formally appeared on behalf of Laguna in this action, after reviewing the record, it is clear that Sullivan & Cromwell has represented Laguna's interests alongside the now-dismissed defendants. Most recently, Sullivan & Cromwell represented Laguna's interests and agreed to scheduling deadlines on its behalf in the May 15, 2025, status report submitted to this court by the parties. (*See* D.I. 41). Sullivan &

Cromwell's representations to this court on behalf of Laguna indicate that alternative service upon the firm is "reasonably calculated" to inform Laguna about this action. Fed. R. Civ. P. 4(f)(2).

Courts in this district have previously found that e-mail service on foreign defendants' U.S. counsel comports with due process when the defendants were in contact with their counsel. *See Divx*, 2021 WL 411708, at *2 (citing *Knit With v. Knitting Fever, Inc.*, No. 08-cv-04221, 2010 WL 4977944, at *5 (E.D. Pa. Dec. 7, 2010)); *Williams Rowland Acquisition Corp. v. Glob. Food & Ingredients Ltd.*, No. 24-cv-00471, 2025 WL 1449010, at *8 (D Del. May 20, 2025) (finding U.S. counsel made "sufficient contact" with clients such that service upon U.S. counsel was reasonably calculated to inform clients of the action). Alternative service by email is also appropriate because the Fund has already made reasonable efforts to effectuate service on Laguna, *see Williams Rowland*, 2025 WL 1449010, at *8, though "it is not necessary that a plaintiff first attempt every permissible type of service prior to seeking relief from the court under rule 4(f)(3)," *In re Heckmann*, 2011 WL 5855333, at *3.

## IV. CONCLUSION

The Fund's Motion for Leave to Effectuate Service by Alternative Means (D.I. 45) is GRANTED. The Fund may serve the summons and complaint on Defendant Laguna via email(s) to Laguna's U.S.-based counsel, including James Bromley and Andrew Finn of Sullivan & Cromwell LLP.